IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bartley G. MAUCH, Attorney at Law.

Supreme Court

*No. 93–1731–D. Filed March 22, 1994.*

(Also reported in 513 N.W.2d 133.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney publicly reprimanded.*

We review the referee's alternative recommendation for discipline to be imposed for the professional misconduct of Attorney Bartley G. Mauch: that he be publicly reprimanded, provided that within 90 days he reach a settlement with his clients for his failure to bring an action on their personal injury claim within the statute of limitations or satisfy the court that he has a justifiable explanation for his failure to reach a settlement with them, or that his license to practice law be suspended for three months in the event he does

not reach a settlement and offers no justifiable reason for failing to do so. For reasons set forth below, we determine that discipline conditioned on Attorney Mauch's reaching a settlement with the clients harmed by his misconduct is not appropriate and impose an unconditional public reprimand for Attorney Mauch's professional misconduct.

Attorney Mauch was admitted to practice law in Wisconsin in 1972 and currently serves as district attorney for Sauk county. At the time relevant to this proceeding, he was engaged in private practice in Madison. He has not previously been disciplined for professional misconduct.

Following a hearing, the referee, Attorney Norman Anderson, made the following findings of fact. Attorney Mauch was retained to represent a woman who had been injured in an auto accident in February, 1986, as a result of which she underwent surgery for a cervical spine fusion. The woman was injured in four subsequent auto accidents, one in each of the following years, and the woman and her husband retained Attorney Mauch in October, 1987 to represent them, ultimately in all five cases.

The insurer of the other driver in the first accident conceded liability and the clients rejected an $18,000 settlement offer. Several times during 1988, Attorney Mauch assured them there was time to file an action for the first accident and in early 1989 he advised them to settle the first three accidents together, proposing to seek a settlement of $140,000. In early March, 1989, when Attorney Mauch told his clients that his attempt to settle the claims arising out of the first three accidents had been rejected and that he would undertake to file an action in regard to the first accident, they told him they would prefer to settle but were willing to

pursue legal action. Following each accident subsequent to the first, the clients urged Attorney Mauch to proceed with the claim arising out of the first accident and when they asked him about the possibility that the statute of limitations applicable to that action would expire, he told them not to worry. In fact, the statute of limitations on the clients' claim arising out of the first accident had expired on February 18, 1989, without Attorney Mauch's having filed an action.

Following the fifth accident, in January, 1990, the clients asked Attorney Mauch to report his progress on the first three accident cases. He responded that he would have to examine his files and get back to them but that they should not worry. During the following spring, the clients telephoned him on a regular basis, often two or three times a day, to discuss their claims but they received no response from him, as he would not return their calls. The clients made at least 40 calls in 1990 before they received a response. Also, Attorney Mauch made and failed to keep three appointments with the clients but he finally met with them in the summer of 1990 and again in the fall of that year. At neither of those meetings did he tell his clients that the statute of limitations on their claim arising out of the first accident had expired or that he had made a conscious decision to let it expire without filing an action. The clients did not learn that no action had been filed in respect to the first accident until January, 1991, when they obtained other counsel after learning that Attorney Mauch had left private practice.

Attorney Mauch was aware that the insurers having liability coverage for the four subsequent accidents were taking the position that the majority of his client's injuries resulted from the first accident and he knew that the client's treatment provider had stated that 38

percent of the client's permanent disability resulted from that accident. He testified that he believed the maximum verdict obtainable on the claim from the first accident would have been $70,000 and that the claim had a settlement value of $20,000 to $30,000. He also believed the four subsequent accident claims had a combined value of $100,000 to $150,000. The claims from the four subsequent accidents ultimately were litigated or settled for $5,000 to $10,000 each.

In an unrelated matter, when the Board of Attorneys Professional Responsibility notified him of a grievance filed by a former client, Attorney Mauch did not respond, nor did he respond to a subsequent letter from the Board or to a letter from the district professional responsibility committee asking him to submit a written response to the grievance. Attorney Mauch did, however, respond to a second request from the district committee.

The referee concluded that Attorney Mauch failed to provide competent representation to the personal injury clients by failing to exercise the knowledge, skill, thoroughness and preparation necessary for such representation, in violation of SCR 20:1.1,[1] failed to abide by the clients' decisions concerning their claims and failed to consult with them as to the means by which their objectives were to be pursued, in violation of SCR 20:1.2(a),[2] failed to act with reasonable diligence and

---

[1] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:1.2 provides:

**Scope of representation**

promptness in representing them, in violation of SCR 20:1.3,[3] failed to keep them reasonably informed of the status of their matters and comply with their reasonable requests for information, in violation of SCR 20:1.4(a),[4] and failed to cooperate in the Board's investigation of his conduct in an unrelated matter, in violation of SCR 21.03(4)[5] and 22.07(2).[6]

(a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[3] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[5] SCR 21.03 provides:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6] SCR 22.07 provides:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being

86

In discussing the discipline to be imposed for Attorney Mauch's misconduct, the referee expressed concern that it appeared Attorney Mauch had no professional malpractice insurance that would cover the clients' loss resulting from his misconduct, although the issue of whether there was coverage had not been finally resolved. Accordingly, the referee recommended that Attorney Mauch should be publicly reprimanded and required to make restitution to his clients or reach agreement with them to do so within 90 days or, in the event of his failure to do so without justifiable reason, that his license to practice law should be suspended for three months.

We adopt the referee's findings of fact and conclusions of law in respect to Attorney Mauch's misconduct established in this proceeding. While we share the referee's concern that his clients have not been made whole for the financial loss that misconduct caused them and note that the extent of harm caused by an attorney's misconduct is one measure of the seriousness of the misconduct and the discipline to be imposed for it, the amount of restitution required to make the clients whole for Attorney Mauch's failure to bring an action on their claim has not been determined, as the only valuation of that claim is Attorney Mauch's estimates of its settlement value and what the maximum jury verdict might have been had an action been brought. Further, the record is not clear that Attorney Mauch

investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

did not have malpractice insurance covering the clients' loss. Even if insurance coverage is unavailable, the clients have a remedy by bringing a malpractice action against Attorney Mauch, in which the amount of their loss can be determined by either judgment or settlement. Consequently, we do not accept the referee's recommendation that a public reprimand be conditioned on Attorney Mauch's reaching a settlement with his former clients for their damages caused by the misconduct.

IT IS ORDERED that Attorney Bartley G. Mauch is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Bartley G. Mauch pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Bartley G. Mauch to practice law in Wisconsin shall be suspended until further order of the court.