In the Matter of Disciplinary Proceedings Against
Walter A. Paget, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Walter A. Paget, Respondent.

Supreme Court

*No. 03–0159–D. Decided October 7, 2003.*

2003 WI 130

(Also reported in 669 N.W.2d 731.)

¶ 1. PER CURIAM. We review the findings of fact, conclusions of law, and recommendations of Referee John Schweitzer for sanctions, pursuant to SCR 22.17(2).[1] Attorney Walter A. Paget was found to have engaged in unprofessional conduct in the course of his practice of law in violation of the Rules of Professional Conduct. The referee recommended a 60–day suspension of Attorney Paget's license to practice law and payment of $927.35 in costs.

¶ 2. We approve the findings, conclusions, and recommendations, and determine that the seriousness of Attorney Paget's misconduct warrants the imposition of these sanctions.

¶ 3. Attorney Paget was licensed to practice law in Wisconsin in 1992. On May 29, 1998, he consented to the imposition of a private reprimand for having knowingly engaged in the practice of law while his license was suspended for a period during 1997 for a Continuing Legal Education (CLE) violation. On June 8, 1999, he was again administratively suspended for failure to comply with CLE requirements and it is his activity during the period of this suspension that forms the basis for the present proceeding.

¶ 4. On January 17, 2003, the Office of Lawyer Regulation (OLR) issued a complaint against Attorney

---

[1] SCR 22.17(2) provides:

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

2

Paget claiming that he had practiced law in 2001 while his license was administratively suspended. The complaint alleged one count in violation of SCR 31.10(1).[2] Attorney Paget did not answer and otherwise has not contested the matter or appealed from the referee's report which was filed on May 15, 2003.

¶ 5. The complaint alleged, and the referee so found, that on five dates in 2001 Attorney Paget appeared as defense counsel in four Milwaukee County court cases, all involving the same client. Further, the complaint alleged, and the referee so found, that on unspecified dates during the period of Attorney Paget's CLE suspension he appeared in five additional Milwaukee County Circuit Court cases involving three clients.

¶ 6. The referee found that discipline was necessary to prevent further misconduct by Attorney Paget, to insure that if he returns to the practice of law he will practice competently and ethically, to deter other attorneys from engaging in similar misconduct, and to foster Attorney Paget's rehabilitation by instilling in him appreciation for the consequences of violating the Rules of Professional Conduct. The referee's opinion was that

[2] SCR 31.10(1) provides:

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

these goals could be achieved by the imposition of the 60–day suspension recommended by the OLR.

¶ 7.   We adopt the findings of fact and conclusions of law of the referee. Attorney Paget's misconduct represents a serious failure to comply with the Rules of Professional Conduct. Furthermore, the referee's recommendation of a sanction is appropriate discipline for this conduct.

¶ 8.   IT IS ORDERED that the license of Attorney Walter A. Paget to practice law in Wisconsin is suspended for a period of 60 days, effective November 11, 2003.

¶ 9.   IT IS FURTHER ORDERED that Attorney Paget comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 10.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Paget shall pay $927.35 to the OLR representing the costs of this proceeding. If these costs are not paid within the time specified, and absent a showing to this court of an inability to pay the costs within that time, the license of Attorney Paget to practice law shall remain suspended indefinitely until further order of the court.