In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bartley G. MAUCH, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Bartley G. MAUCH, Respondent.

Supreme Court

*No. 2006AP2104–D. Decided July 24, 2007.*

2007 WI 109

(Also reported in 736 N.W.2d 141.)

543

¶ 1. PER CURIAM. We review the referee's report and recommendation, which incorporates a stipulation between Attorney Bartley G. Mauch and the Office of Lawyer Regulation (OLR) and a no contest plea by Attorney Mauch to the allegations in the OLR's complaint. The referee recommends that Attorney Mauch's license to practice law in Wisconsin be suspended for 90 days for professional misconduct. In addition to the license suspension, the referee recommends that Attorney Mauch pay the costs of the proceeding, which are $3934.23 as of April 23, 2007.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence.

We also agree with the referee's conclusions of law and agree that the seriousness of Attorney Mauch's professional misconduct warrants a 90–day suspension of his license to practice law in Wisconsin.

¶ 3. Attorney Mauch was admitted to practice law in Wisconsin in 1972 and practices in Praire du Sac. In 1994 he was publicly reprimanded for failing to provide competent representation to personal injury clients; failing to abide by clients' decisions regarding claims; failing to consult with clients about their objectives; failing to act with reasonable diligence; failing to keep clients reasonably informed of the status of their matters; and failing to cooperate with the investigation into his conduct. In 2003 he was again publicly reprimanded for failing to act with appropriate diligence; failing to properly communicate with a client; and failing to cooperate in an OLR investigation.

¶ 4. On August 29, 2006, the OLR filed a complaint alleging ten counts of professional misconduct. On December 27, 2006, the parties entered into a stipulation and no contest plea whereby the OLR amended the complaint to delete certain allegations and Attorney Mauch withdrew his answer to the complaint and pled no contest to the ten counts of misconduct, with the exception that he maintained his denial as to a portion of the allegation contained in one paragraph of the complaint. Attorney Mauch agreed that the referee could use the allegations of the complaint as an adequate factual basis for a determination of misconduct on the ten counts, but he reserved his right to argue the appropriate sanction.

¶ 5. David R. Friedman was appointed referee. He issued his report on April 2, 2007. The referee found that the OLR had met its burden of proof with respect to all ten counts of misconduct alleged in the complaint.

¶ 6.   The first five counts of misconduct alleged in the OLR's complaint involved Attorney Mauch's representation of A.L., who retained Attorney Mauch to represent him in certain matters involving potential disability insurance litigation. On January 15, 2003, Attorney Mauch filed a summons and complaint on A.L.'s behalf. The trial court issued a 20–day dismissal order on April 7, 2003, and on April 27, 2003, it issued an order dismissing the case.

¶ 7.   On May 30, 2003, Attorney Mauch filed a summons and complaint against the same parties defendant, Stanley McDonald Agency of Illinois (SMAI) and NCMIC Insurance Co. (NCMIC). In September 2003, counsel for SMAI filed an answer and affirmative defense and a motion to dismiss. On October 24, 2003, counsel for NCMIC filed a notice of motion and motion for dismissal for lack of jurisdiction. On November 14, 2003, during a telephone scheduling conference, Attorney Mauch advised the court and counsel for the defendants that he intended to dismiss the case.

¶ 8.   On November 19, 2003, counsel for SMAI forwarded a stipulation and order of dismissal to Attorney Mauch. Attorney Mauch did not discuss or provide a copy of the stipulation and order of dismissal to A.L. Attorney Mauch failed to sign and return the stipulation and order.

¶ 9.   On January 7, 2004, counsel for NCMIC filed a notice of motion and motion for dismissal. Attorney Mauch was advised the motion would be heard on February 2, 2004. Attorney Mauch took no action with regard to the motion to dismiss, nor did he discuss it with A.L.

¶ 10.   Sometime before February 2, 2004, Attorney Mauch provided a signed stipulation and order of dismissal to counsel for SMAI. He did not discuss with or

546

advise A.L. that he had signed the stipulation. On February 2, 2004, a hearing was held regarding NCMIC's motion to dismiss. Neither Attorney Mauch nor A.L. appeared at the hearing. The trial court ordered the action dismissed.

¶ 11. On February 23, 2004, a stipulation and order of dismissal was filed on behalf of SMAI. On February 25, 2004, counsel for NCMIC filed an affidavit in support of their request for costs and a draft order of dismissal and for costs. The trial court entered the order of dismissal. Attorney Mauch failed to advise A.L. of the motion for costs, and he did not file any documents opposing either defendant's motion to dismiss or in opposition to NCMIC's motion for costs.

¶ 12. On March 8, 2004, the trial court entered judgment against A.L. in favor of NCMIC for $2647 costs. Attorney Mauch never advised A.L. that a judgment had been entered against him. Sometime after the dismissal of the case, Attorney Mauch told A.L. he had "settled" the case on A.L.'s behalf for $60,000, to be paid in installments, with Attorney Mauch retaining $5000 as his fee. Attorney Mauch issued four checks to A.L. from his personal checking account, which were purportedly a part of the settlement of the lawsuit. The checks totaled $34,750.

¶ 13. Between February 2002 and March 2006, A.L. made repeated efforts to contact Attorney Mauch requesting information about the status of the case, including a specific request for information about the check for $14,750 that Attorney Mauch delivered to A.L. in early July 2005. Attorney Mauch did not respond to A.L.'s inquiries.

¶ 14. The OLR's complaint alleged, and the referee found, that by telling the court on November 14,

2003, that he intended to dismiss A.L.'s case without first discussing with A.L. whether it should be dismissed, by signing the stipulation and order of dismissal without first discussing it with A.L., and without allowing A.L. to decide whether to take the action proposed or to proceed with the case, Attorney Mauch violated SCR 20:1.2(a).[1]

■

¶ 15. The OLR's complaint also alleged, and the referee found, that by failing to take any action whatsoever with regard to the first case between the date the complaint was filed and the date the case was dismissed, and by failing to take any action with regard to the second case between filing the complaint on May 30, 2003, and the telephone scheduling conference on November 14, 2003, Attorney Mauch violated SCR 20:1.3.[2]

■

¶ 16. The complaint further alleged, and the referee found, that by failing to keep A.L. advised as to developments in both lawsuits, by failing to promptly respond to A.L.'s reasonable requests for information regarding the $14,750 check Attorney Mauch delivered

---

[1] SCR 20:1.2(a) provides: Scope of representation.

(a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[2] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

to A.L. in July 2005, and by failing to provide accurate information to A.L. regarding the status of his matters at various times between February 2002 and March 2006, Attorney Mauch violated SCR 20:1.4(a).[3]

█

¶ 17. The complaint also alleged, and the referee found, that by failing to advise A.L. of the pending motions, by failing to advise him of the dismissal of both cases and the judgment entered against him in the second case, by falsely advising A.L. that the cases had been settled and then making payments to A.L. in an effort to deceive him into believing the payments were part of a settlement, and by generally failing to explain to A.L. the ramifications of various developments in his cases, Attorney Mauch violated SCR 20:1.4(b).[4]

█

¶ 18. The OLR's complaint also alleged, and the referee found, that by providing false information to A.L. regarding the outcome of the second case and by engaging in a course of conduct intended to cause A.L. to believe the case had been settled and that A.L. was receiving payments from the defendants pursuant to that settlement, Attorney Mauch violated SCR 20:8.4(c).[5]

---

[3] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[5] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

■

¶ 19. The OLR's complaint also alleged that on February 4, 2005, the OLR's staff received a notice from M&I Bank that there had been an overdraft on Attorney Mauch's IOLTA trust account at the bank. The OLR opened an investigation of the overdraft and received records and information from Attorney Mauch as well as bank statements and transaction information from the bank. As a result of the investigation and based on admissions made by Attorney Mauch, the complaint alleged, and the referee agreed, that Attorney Mauch violated SCR 20:1.15(b)(3),[6] SCR 20:1.15(f)(1)a.,[7]

[6] SCR 20:1.15(b)(3) states that "[n]o funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[7] SCR 20:1.15(f)(1)a. provides: Record-keeping requirements for trust accounts.

(1) Demand accounts. Complete records of a trust account that is a demand account shall include a transaction register; individual client ledgers; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

a. Transaction register. The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

3. the date and amount of every other deposit or deduction of whatever nature;

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

and SCR 20:1.15(h)(1) and (8).[8]

¶ 20. The OLR's complaint also alleged that on March 14, 2005, the OLR staff sent Attorney Mauch a letter providing him with a copy of the M&I Bank overdraft notice, notified Attorney Mauch that the OLR had opened an investigation, and requested records and information relevant to the investigation. The letter informed Attorney Mauch that he was required to respond by April 4, 2005. He failed to do so.

¶ 21. On May 4, 2005, the OLR staff sent Attorney Mauch a second letter requesting that he respond by May 16, 2005. He again failed to timely respond. On June 2, 2005, Attorney Mauch purported to respond to the OLR's two letters. However, Attorney Mauch's letter failed to respond to the questions posed in the OLR's March 14, 2005 letter, except for acknowledging that he had not yet filed an overdraft reporting agreement and promising he would do so.

¶ 22. By letter dated June 25, 2005, Attorney Mauch purported to respond to the OLR's request for information and records relating to the January 2005 overdraft. Attorney Mauch falsely asserted that the overdraft did not relate to a settlement or payment due

---

[8] SCR 20:1.15(h)(1) and (8) provide: Dishonored instrument notification; (Overdraft notices).

All demand trust accounts and demand fiduciary accounts are subject to the following provisions on dishonored instrument notification:

(1) Overdraft reporting agreement. A lawyer shall maintain demand trust accounts only in a financial institution that has agreed to provide an overdraft report to the office of lawyer regulation under SCR 20:1.15(h)(3).

(8) Lawyer compliance. Every lawyer practicing or admitted to practice in Wisconsin shall comply with the reporting and production requirements of SCR 20:1.15(h).

to his client but that the advance was on a "contract case." In fact, both checks in question were payments to A.L. in furtherance of Attorney Mauch's scheme to deceive A.L. into believing his case had been settled and the checks represented settlement payments from the defendants, when in fact the source of the checks were funds belonging to Attorney Mauch.

¶ 23. Attorney Mauch further provided a client ledger attached to his June 25, 2005 letter to the OLR, which misrepresented the source or purpose of the payments made to A.L. which intended to mislead the OLR staff as to the nature, extent, and activity with regard to Attorney Mauch's representation of A.L. In all of his communications with the OLR, Attorney Mauch failed to disclose the existence of a check in the amount of $14,750 delivered to A.L. in early July 2005.

¶ 24. The OLR's complaint alleged, and the referee found, that by failing to timely provide the OLR staff with the information requested in its letters, Attorney Mauch violated SCR 22.03(2) and (6)[9] via SCR

---

[9] SCR 22.03(2) and (6) provide:   Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation

20:8.4(f).[10] The OLR's complaint also alleged, and the referee found, that by falsely advising the OLR that the overdraft under investigation did not relate to a settlement, by providing a so-called "client ledger" which misrepresented the source and purpose of the payments made to A.L. and which attempted to mislead the OLR as to the nature, extent, and activity with regard to Attorney Mauch's representation of A.L., Attorney Mauch violated SCR 22.03(6) via SCR 20:8.4(f).

¶ 25. The OLR's complaint had asked that Attorney Mauch's license to practice law be suspended for five months. Attorney Mauch suggested that a 60-day suspension was appropriate. In discussing the appropriate sanction, the referee noted that this court has frequently followed the concept of progressive discipline, especially in cases involving a pattern of similar misconduct. The referee said Attorney Mauch's violations in this case were consistent with the conduct that led to his two prior public reprimands. The referee noted that Attorney Mauch's problems seemed to occur when he handled civil matters rather than criminal matters. The referee noted that while Attorney Mauch viewed his criminal defendants as clients, he apparently viewed his civil clients, including A.L., as friends. The referee said:

> The inability to differentiate between criminal and private clients is one of the reasons for his conduct. He could not bear to let down his friend. So he engaged in

in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[10] SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[a] course of conduct designed to hide his actions. The discipline imposed has to be sufficient to deter future deceitful conduct.

¶ 26.   The referee concluded that an appropriate sanction would be the suspension of Attorney Mauch's license to practice law in Wisconsin for a period of 90 days. The referee also recommended that Attorney Mauch pay the costs of the proceeding.

¶ 27.   This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 28.   We adopt the referee's findings of fact and conclusions of law and determine that a 90–day suspension is the appropriate discipline for Attorney Mauch's professional misconduct. Attorney Mauch's handling of A.L.'s case, and particularly his deceiving A.L. into believing that the case had been settled when in fact it had been dismissed, is a serious failing that warrants a 90–day suspension. We further agree with the referee that Attorney Mauch should pay the full costs of the proceeding.

¶ 29.   IT IS ORDERED that the license of Bartley G. Mauch to practice law in Wisconsin is suspended for a period of 90 days, effective August 31, 2007.

¶ 30.   IT IS FURTHER ORDERED that Bartley G. Mauch comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 31. IT IS FURTHER ORDERED that within 60 days of the date of this order, Bartley G. Mauch pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Bartley G. Mauch to practice law in Wisconsin shall remain suspended until further order of the court.