In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bartley G. MAUCH, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Bartley G. MAUCH, Respondent.

Supreme Court

*No. 2009AP214–D. Decided January 21, 2010.*

2010 WI 2

(Also reported in 777 N.W.2d 637.)

¶ 1. PER CURIAM. We review the report of Referee James G. Curtis recommending this court suspend Attorney Bartley G. Mauch's license to practice law for six months and impose the costs of this disciplinary proceeding on him. No appeal has been filed so the court considers this matter pursuant to SCR 22.17(2).[1]

¶ 2. We adopt the referee's findings of fact and conclusions of law. We agree that Attorney Mauch's misconduct warrants the suspension of his license to practice law in Wisconsin for six months. We also impose the costs of this disciplinary proceeding on Attorney Mauch.

¶ 3. Attorney Mauch was admitted to practice law in Wisconsin in 1972. He practiced in Prairie du Sac and has a prior disciplinary history.

¶ 4. In March 1994 Attorney Mauch was publicly reprimanded for failing to provide competent represen-tation to personal injury clients by failing to exercise the knowledge, skill, thoroughness, and preparation necessary for such representation; failing to abide by the clients' decisions concerning their claims and failing to consult with them as to the means by which their

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

objectives were to be pursued; failing to act with reasonable diligence and promptness in representing them, failing to keep the clients reasonably informed of the status of their matters, and failing to comply with their reasonable requests for information; and failing to cooperate in a Board of Attorneys Professional Responsibility investigation of his conduct in an unrelated matter. *In re Disciplinary Proceedings Against Mauch,* 182 Wis. 2d 82, 513 N.W.2d 133 (1994).

¶ 5. In March 2003 Attorney Mauch was publicly reprimanded for failing to act with reasonable diligence in representing a client, failing to properly communicate with his client, and failing to cooperate in an Office of Lawyer Regulation (OLR) investigation of his conduct. Public Reprimand of Bartley G. Mauch, No. 2003–03.

¶ 6. On July 24, 2007, Attorney Mauch's license was suspended for 90 days for failing to abide by a client's decisions concerning the objectives of representation and failing to consult with the client as to the means by which they were to be pursued; failing to inform the client of all offers of settlement and abide by the client's decision whether to accept an offer of settlement in the matter; failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and failing to explain a matter to a client in order to permit the client to make informed decisions regarding the representation; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; depositing in his trust account excess personal funds, failing to maintain a transaction register, and failing to enter into an overdraft reporting agreement with regard to his client trust account; and

81

providing untimely and false information to the OLR. *In re Disciplinary Proceedings Against Mauch*, 2007 WI 109, 304 Wis. 2d 541, 736 N.W.2d 141.

¶ 7. Most recently, on January 23, 2008, this court temporarily suspended Attorney Mauch's license to practice law for failure to cooperate in OLR's investigation of the two matters which are the subject of this disciplinary proceeding. His license to practice law in Wisconsin remains suspended.

¶ 8. The OLR filed its complaint in this matter on January 28, 2009. Attorney Mauch did not file an answer to the complaint.

¶ 9. On April 15, 2009, the OLR filed a motion for default judgment based on Attorney Mauch's failure to file an answer to the complaint. The referee attempted to contact both parties to set a scheduling conference. Multiple attempts to reach Attorney Mauch by telephone and by e-mail were unsuccessful. The referee sent notice of a scheduling conference set for May 14, 2009, requiring both parties to attend and participate or be subject to sanctions.

¶ 10. Notice of the scheduling conference was served on Attorney Mauch by certified mail with return receipt requested. The return receipt was signed by "Geoff Mauch" on May 2, 2009. The referee had invited the parties to contact him to reschedule the conference if needed and urged Attorney Mauch to file an answer to OLR's complaint. The referee initiated the telephone conference as scheduled, but Attorney Mauch did not answer the calls the referee placed to several different telephone numbers.

¶ 11. The next day the referee issued an order granting default judgment against Attorney Mauch. The referee found Attorney Mauch was properly served with the complaint and that Attorney Mauch was in

default for failing to answer the complaint. The referee also found that by failing to appear and participate in the scheduling conference, Attorney Mauch violated the referee's order for appearance, thereby subjecting him to sanctions as set forth in the order. The referee concluded the appropriate sanction was to enter default judgment against Attorney Mauch.

¶ 12. The referee issued his report on July 9, 2009, in which he adopted the factual allegations of the OLR's complaint.

¶ 13. The OLR alleged and the referee found that in April 2006 Attorney Mauch was appointed by the Office of the State Public Defender (SPD) to represent S.Z. in two criminal matters. S.Z. was sentenced on August 17, 2006, and S.Z. and Attorney Mauch signed a notice of intent to seek post-conviction relief that same day. Attorney Mauch filed the notice of intent to seek post-conviction relief on September 19, 2006, 14 days after the September 5, 2006, deadline. He did not request an extension of time to file the notice of intent at that time. Attorney Mauch also did not provide S.Z. with a copy of the notice of intent. In fact, Attorney Mauch did not communicate with S.Z. between August 17, 2006, and February 22, 2007.

¶ 14. On February 15, 2007, the SPD's appellate intake coordinator wrote to S.Z. informing him the SPD had not received an order from the court of appeals extending the time to file the notice of intent to pursue post-conviction relief, and apparently Attorney Mauch informed the SPD he thought it had already been filed. The intake coordinator said Attorney Mauch stated he would prepare and file the motion as soon as possible. The intake coordinator further told S.Z. the SPD would appoint appellate counsel when the court of appeals granted the extension.

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

¶ 15. On February 28, 2007, Attorney Mauch filed a motion for extension of time to file S.Z.'s notice of intent to seek post-conviction relief with the court of appeals.

¶ 16. On October 11 and November 8, 2007, the OLR requested Attorney Mauch provide information relevant to its investigation in the S.Z. matter. Attorney Mauch failed to respond to both requests.

¶ 17. The referee further found that on April 4, 2007, the Board of Bar Examiners (BBE) advised Attorney Mauch his license to practice law in Wisconsin would be automatically suspended on May 29, 2007, at 4:30 p.m., because he had failed to comply with mandatory continuing legal education (CLE) requirements. On May 29, 2007, Attorney Mauch's license to practice law in Wisconsin was suspended.

¶ 18. On May 30, 2007, Attorney Mauch appeared on behalf of clients in Sauk County circuit court and Columbia County circuit court. He also filed a discovery demand and a motion. The next day Attorney Mauch was scheduled to appear in Juneau County circuit court. Before the scheduled appearance, the judge called Attorney Mauch into chambers and presented a memorandum from the BBE stating Attorney Mauch's license to practice law had been suspended effective 4:30 p.m. on May 29, 2007.

¶ 19. Between May 30 and June 7, 2007, Attorney Mauch attempted to personally file documents with the Sauk County district attorney's office and attempted to reschedule cases. The district attorney's office refused to accept documents from Attorney Mauch or allow him to reschedule cases through their office.

¶ 20. Attorney Mauch filed a petition for reinstatement dated June 4, 2007, with the BBE. In his petition Attorney Mauch stated, "I have not practiced

law since this period of ineligibility, Close of business, May 29, 2007." The BBE approved Attorney Mauch's petition for reinstatement on June 7, 2007.

¶ 21. On June 12, 2007, Attorney Mauch told the OLR he first learned his license had been suspended when a judge so informed him on May 31, 2007. He stated he never received any prior notification of the suspension.

¶ 22In a letter to the OLR dated July 12, 2007, Attorney Mauch wrote:

> On June 8, 2007, I again reviewed my calendar for the week of May 21, 2007. Notwithstanding my Petition for Reinstatement, I determined that on Wednesday, May 30, 2007, I had indeed represented a [client] . . . in . . . [Sauk County circuit court] . . . Also I determined that on Wednesday, May 30, 2007, I represented [a client] . . . in . . . a sentencing after revocation, in [Columbia County circuit court].

Attorney Mauch did not notify the OLR or the BBE that he had made a misrepresentation in his petition for reinstatement.

¶ 23. Between August 8, 2007, and September 27, 2007, the OLR sent three letters to Attorney Mauch requesting he provide a written response to the OLR's investigations into this matter. Attorney Mauch failed to respond to all three letters.

¶ 24. On November 28, 2007, this court ordered Attorney Mauch to show cause, in writing, why his license to practice law in Wisconsin should not be temporarily suspended for failure to cooperate with the OLR's investigation in both matters. Attorney Mauch failed to respond. The court temporarily suspended Attorney Mauch's license on January 23, 2008. As noted earlier, his license remains under suspension.

¶ 25. Based on these findings, the referee concluded as follows:

- By failing to timely file the notice of intent to pursue post-conviction relief and a motion to extend the time to file the notice of intent to pursue post-conviction relief in the S.Z. matter, Attorney Mauch violated SCR 20:1.3.[2]

- By failing to provide S.Z. with a copy of the notice of intent to pursue post-conviction relief, or otherwise inform S.Z. of the timing of the filing and failing to keep S.Z. informed regarding the status of the case, Attorney Mauch violated former SCR 20:1.4(a).[3]

- By engaging in the practice of law in Wisconsin while his state bar membership was suspended, Attorney Mauch violated SCR 31.10(1)[4] via SCR 20:8.4(f).[5]

---

[2] SCR 20:1.3 provides that, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Former SCR 20:1.4(a) (effective through June 30, 2007) provided in pertinent part that, "A lawyer shall keep a client reasonably informed about the status of a matter; . . . ."

[4] SCR 31.10(1) provides as follows:

> If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[5] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

86

- By misrepresenting to the BBE in his petition for reinstatement that he had not practiced law between 4:30 p.m. on May 29, 2007, and June 4, 2007, and by misrepresenting to the OLR that he had not received notice of his suspension prior to May 31, 2007, when he had received written notice of the suspension on April 4, 2007, Attorney Mauch violated SCR 20:8.4(c).[6]

- By failing to timely provide OLR with written responses containing all of the records and information requested in OLR's investigative letters to Attorney Mauch, Attorney Mauch violated SCRs 22.03(2) and (6)[7] via SCR 20:8.4(h).[8]

---

[6] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[7] SCRs 22.03(2) and (6) provide as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) (effective July 1, 2007) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

¶ 26. The referee thoughtfully and thoroughly evaluated this matter. He emphasized the need for progressive discipline, citing *In re Disciplinary Proceedings Against Converse*, 2006 WI 4, ¶ 37, 287 Wis. 2d 72, 707 N.W.2d 530. The referee observed that Attorney Mauch's disciplinary history suggests "a pattern of failing to act with reasonable diligence, failing to adequately communicate with clients, failing to keep clients informed," and, on occasion, a pattern of "deceitful conduct where Mr. Mauch has not been truthful or forthcoming." In addition, the referee observed Attorney Mauch has demonstrated a serious pattern of "failing to cooperate with the investigative process, particularly in recent years."

¶ 27. The referee considered other cases in which an attorney has practiced law while administratively suspended for a CLE violation. *See, e.g., In re Disciplinary Proceedings Against Paget*, 2003 WI 130, 266 Wis. 2d 1, 669 N.W.2d 731 (60–day suspension for practicing law while license administratively suspended); *In re Disciplinary Proceedings Against Engelbrecht*, 2000 WI 120, 239 Wis. 2d 236, 618 N.W.2d 743 (60–day suspension for practicing law while license administratively suspended for failing to comply with CLE requirements and making false and misleading statements in the reinstatement process).

¶ 28. The referee also considered cases involving more serious allegations of misconduct. *See, e.g., In re Disciplinary Proceedings Against Tully*, 2005 WI 100, 283 Wis. 2d 124, 699 N.W.2d 882 (two-year suspension for 29 counts of misconduct in six client matters, including practicing law while license administratively suspended); *In re Disciplinary Proceedings Against Graf*, 2003 WI 122, 265 Wis. 2d 376, 667 N.W.2d 340 (two-year suspension for extensive unauthorized prac-

tice of law while suspended, misrepresentations on a reinstatement petition, and other misconduct with respect to several client matters); *In re Disciplinary Proceedings Against Harris*, 2003 WI 22, 260 Wis. 2d 46, 658 N.W.2d 451 (two-year suspension for practicing law in at least 60 cases during a suspension period of almost four years).

¶ 29. The referee stated it was "significant to note that Mr. Mauch's CLE suspension was of very short duration, and only a limited number of client matters were involved." However, he concluded Attorney Mauch knew or should have known he was under suspension. The referee stated:

> The more egregious conduct in this case was Mr. Mauch's June 4, 2007 Petition for Reinstatement in which he misrepresented to the BBE that he had not practiced law since Tuesday, May 29th. June 4, 2007 was a Monday, and in completing the Petition for Reinstatement, Mr. Mauch must have recalled the court appearances and legal work during the prior week. The misrepresentation on the Reinstatement Petition represents a serious violation of the rules.

¶ 30. With respect to Attorney Mauch's representation of S.Z., the referee noted the "delays caused by [Attorney] Mauch's failure to file the Motion [for post-conviction relief] resulted in no appointment of appellate counsel for [S.Z.], no pursuit of the appeal, and no order of transcripts until after the Court of Appeals had ruled on the late-filed Notice of Intent." Moreover, Attorney Mauch "has offered no explanation for this course of conduct. It represents a serious failure on his part to act with reasonable diligence and promptness, and to keep the client reasonably informed about the status of the matter."

¶ 31. The referee also commented on Attorney Mauch's lack of cooperation in responding to investigative authorities. He noted that no mitigating circumstances had been offered and "[Attorney] Mauch's activities over the last 18 months are simply unknown. His repeated failures to cooperate with OLR investigations show an apparent indifference to the outcome and seriousness of these proceedings."

¶ 32. The referee recommended Attorney Mauch's license be suspended for six months:

> In light of Mr. Mauch's apparent indifference to the seriousness of these proceedings, and in the absence of any evidence of Mr. Mauch's activities during the last 18 months, the Referee is persuaded by OLR's position. A six month suspension would require Mr. Mauch to petition the Supreme Court for reinstatement under the procedures set forth in SCR 22.29 to 22.33. The reinstatement procedure will provide assurance that Mr. Mauch can be safely recommended to the profession, the courts and the public as a person who is fit and capable to practice law in this State.
>
> In recommending to the court that a particular level of discipline be imposed, I take into account the seriousness, nature and extent of misconduct, the level of discipline needed to protect the public, the courts, and the legal system from repetition of the misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from committing similar acts. *See In re Disciplinary Proceedings Against Scanlan*, 2006 WI 38, [290 Wis. 2d 30, 712 N.W.2d 877.] I must also consider the attorney's prior disciplinary history and the court's recognition of the concept of progressive discipline.

¶ 33. We have independently reviewed the referee's report and recommendation. We accept the referee's findings of fact and conclusions of law, and we

suspend Attorney Mauch's license for six months, effective the date of this order. In addition, we agree it is appropriate to impose the costs of this proceeding on Attorney Mauch.[9]

¶ 34. IT IS ORDERED that the license of Bartley G. Mauch to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 35. IT IS FURTHER ORDERED that within 60 days of the date of this order, Bartley G. Mauch shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Bartley G. Mauch to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 36. IT IS FURTHER ORDERED that Bartley G. Mauch shall comply with the requirements of SCR 22.26 pertaining to activities following suspension if he has not already done so.

---

[9] As of July 27, 2009, the costs total $1,602.56.