# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1485-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Amoun Vang Sayaovong, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Amoun Vang Sayaovong,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SAYAOVONG

| | |
|---|---|
| OPINION FILED: | July 30, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2013AP1485-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Amoun Vang Sayaovong, Attorney at Law:**

**Office of Lawyer Regulation,**

             **Complainant,**

     **v.**

**Amoun Vang Sayaovong,**

             **Respondent.**

**FILED**

**JUL 30, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1  PER CURIAM. On March 14, 2014, referee Daniel L. Icenogle issued a report recommending that Attorney Amoun Vang Sayaovong be declared in default and that he be publicly reprimanded, as requested in the complaint filed by the Office of Lawyer Regulation (OLR). The referee also recommended that Attorney Sayaovong make restitution to one client and that he either promptly submit a second client matter to binding fee arbitration or make restitution to that client. The OLR filed a

restitution statement indicating that the second client has died and asks that restitution be made to that client's heirs. The referee also recommended that Attorney Sayaovong be required to pay the full costs of this proceeding, which are $371.80 as of April 1, 2014.

¶2 We declare Attorney Sayaovong to be in default. We agree with the referee that Attorney Sayaovong's professional misconduct warrants a public reprimand. We also agree that Attorney Sayaovong should be ordered to make restitution and pay the full costs of the proceeding.

¶3 Attorney Sayaovong was admitted to practice law in Wisconsin in 2007. The address he has on file with the State Bar of Wisconsin is in St. Paul, Minnesota. He may also have an office in Milwaukee, Wisconsin. On February 19, 2014, Attorney Sayaovong's license to practice law in Wisconsin was temporarily suspended due to his willful failure to cooperate in an OLR investigation concerning his conduct. That suspension arose out of the OLR's investigation into allegations of misconduct other than those at issue in this case.

¶4 On July 2, 2013, the OLR filed a complaint against Attorney Sayaovong alleging seven counts of misconduct with respect to his handling of two client matters.

¶5 The first client matter detailed in the OLR's complaint involved Attorney Sayaovong's representation of Y.Y. In January of 2009, Y.Y. asked the Social Security Administration (SSA) to appoint him as payee for benefits for his minor children. On February 9, 2009, Y.Y. paid Attorney

2

Sayaovong a $2,000 retainer and signed a fee agreement for Attorney Sayaovong to represent him in his effort to change the SSA's payee.

¶6 On February 13, 2009, the SSA denied Y.Y.'s requests. The notices from the SSA gave Y.Y. 60 days to appeal. The notices identified Jay Dess as a contact person. Attorney Sayaovong contacted Dess in March of 2009 and he also had Y.Y. complete appeal forms.

¶7 On April 6, 2009, according to his invoice, Attorney Sayaovong submitted Y.Y.'s appeal to Jay Dess at the SSA. He did not send a copy of the appeal to Y.Y. Attorney Sayaovong's invoice indicates no further action on Y.Y.'s appeal.

¶8 In December of 2009, Y.Y. informed Attorney Sayaovong that he was terminating his services. Y.Y. filed a grievance against Attorney Sayaovong with the OLR on July 7, 2010.

¶9 Between November 2010 and January 2011, the OLR made several attempts to contact Attorney Sayaovong to investigate Y.Y.'s grievance. Other than providing a new address, Attorney Sayaovong failed to respond to the OLR's communications.

¶10 On March 28, 2011, this court ordered Attorney Sayaovong to show cause why his license should not be suspended for failure to cooperate with the OLR. Attorney Sayaovong failed to respond. On April 13, 2011, this court suspended Attorney Sayaovong's license for failure to cooperate with the OLR's investigation of Y.Y.'s grievance. Attorney Sayaovong subsequently satisfactorily responded to the OLR in the Y.Y.

3

matter, and on July 15, 2011, this court reinstated Attorney Sayaovong's Wisconsin law license.

¶11 On November 28, 2011, the OLR wrote to Attorney Sayaovong asking for more information and a copy of his Y.Y. file by December 12, 2011. Attorney Sayaovong failed to respond. The OLR sent a follow-up letter on January 10, 2012, reiterating its request and giving Attorney Sayaovong until January 20, 2012, to provide the information. Attorney Sayaovong failed to respond.

¶12 On February 29, 2012, based on a motion filed by the OLR, this court ordered Attorney Sayaovong to show cause why his license should not be suspended for failure to cooperate with the OLR. Attorney Sayaovong filed a partial response on March 15, 2012, and on March 22, 2012, the OLR withdrew its motion.

¶13 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Sayaovong's representation of Y.Y.:

> [Count 1] Contacts with Jay Dess of the Social Security Administration notwithstanding, by failing during the period of representation to advance [Y.Y.'s] matter toward formal resolution, Sayaovong violated SCR 20:1.3.[1]

> [Count 2] By failing to timely file his initial response to [Y.Y.'s] grievance, and doing so only after the Supreme Court issued an order to show cause pursuant to SCR 22.03(4) and suspended his law license for willful noncooperation with OLR's investigation,

---

[1] SCR 20:1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

4

Sayaovong violated SCR 22.03(2)[2] [and] SCR 22.03(6),[3] enforced via SCR 20:8.4(h).[4]

[Count 3]  By failing to provide a complete response to OLR's November 28, 2011 request for additional information, and providing an incomplete and late response received by OLR on March 15, 2012, and only after the Supreme Court issued an order to show cause why his license should not be suspended for willful noncooperation with the investigation, Sayaovong violated SCR 22.03(6), enforced via SCR 20:8.4(h).

¶14 The second client matter detailed in the OLR's complaint involved Attorney Sayaovong's representation of L.Y., who hired Attorney Sayaovong to represent him in his immigration

---

[2] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise.  The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response.  The director may allow additional time to respond.  Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[3] SCR 22.03(6) provides, "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] SCR 20:8.4(h) provides, "It is professional misconduct for a lawyer to . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

removal proceedings in September of 2010. L.Y.'s brother paid Attorney Sayaovong $4,000. The parties did not sign a written fee agreement. The record indicates that Attorney Sayaovong failed to place the $4,000 in a trust account.

¶15 In November of 2010, L.Y. terminated the representation and asked Attorney Sayaovong to give him an accounting of his fees and work and to refund $2,000. Attorney Sayaovong responded on November 3, 2010, saying the $4,000 was a nonrefundable flat fee. He failed to provide L.Y. with an accounting.

¶16 On February 1, 2011, L.Y. filed a grievance against Attorney Sayaovong. In the following months, the OLR corresponded with Attorney Sayaovong about this grievance. On February 29, 2012, based on an OLR motion, this court ordered Attorney Sayaovong to show cause why his license should not be suspended for failure to cooperate with the OLR. On March 15, 2012, Attorney Sayaovong sent the OLR some information it had requested along with a copy of the L.Y. file. On March 22, 2012, the OLR informed this court that although Attorney Sayaovong had not fully responded to the OLR's questions, the OLR could continue its investigation.

¶17 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Sayaovong's representation of L.Y.:

> [Count 4] By failing to have a written fee agreement in the [L.Y.] matter setting forth the basis

6

and rate for the fee, Sayaovong violated SCR 20:1.16(a)(3).[5]

[Count 5] By receiving $4,000 in contemplation of providing future legal services to [L.Y.], and by failing to place the $4,000 advanced fee into a trust account or otherwise hold the funds in trust until earned, and with no evidence of any intention to make use of the alternative advanced fee placement provisions stated in SCR 20:1.15(b)(4m), Sayaovong violated SCR 20:1.15(b)(4).[6]

[Count 6] By failing, upon termination of representation, to timely provide [L.Y.] with an itemized statement as to legal services rendered and costs incurred in connection with [L.Y.'s] immigration matter, Sayaovong violated SCR 20:1.16(d).[7]

---

[5] SCR 20:1.16(a)(3) provides, "Except as stated in par. (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged."

[6] SCR 20:1.15(b)(4) provides:

Unearned fees and cost advances. Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[7] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[Count 7] By failing to provide a complete supplemental response to OLR's December 28, 2011 letter requesting addition information relating to his representation of [L.Y.] in his immigration matter and providing his incomplete response in an untimely manner and only after the Court issued an order to show cause why his license should not be suspended for willful noncooperation with the investigation, Sayaovong violated SCR 22.03(6), enforced via SCR 20:8.4(h).

¶18 Daniel L. Icenogle was appointed referee in the matter on September 23, 2013. On November 27, 2013, the OLR filed a motion for default judgment. The motion asked the referee to determine that the OLR had properly served Attorney Sayaovong by certified mail under SCR 22.13(1).[8] The motion further sought a determination that Attorney Sayaovong was in default by failing to timely file an answer to the complaint. The motion sought an order for default judgment and issuance of a report making findings of fact and conclusions of law consistent with the allegations in the complaint.

¶19 The referee issued a decision on March 14, 2014, recommending that this court grant the OLR's motion for default judgment. The motion asked the referee to enter an order for default judgment, including a determination that all of the

---

[8] SCR 22.13(1) provides:

The complaint and the order to answer shall be served upon the respondent in the same manner as a summons under section 801.11(1) of the statutes. If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar.

allegations of the complaint are deemed established. By recommending that this court grant the motion for default judgment, the referee implicitly incorporated by reference the allegations in the OLR's complaint and deemed them established. The referee also recommended that Attorney Sayaovong be publicly reprimanded; that he be ordered to pay restitution of $2,000 to L.Y.; that he either promptly submit the Y.Y. matter to binding fee arbitration or pay restitution of $2,000 to Y.Y.; and that he be ordered to pay the full costs of this proceeding.

¶20 The OLR filed a restitution statement on April 1, 2014, saying the OLR has learned through communications with a relative of Y.Y. that Y.Y. died in 2013. As a result, the OLR requests that this court order Attorney Sayaovong to make restitution to Y.Y.'s heirs.

¶21 Attorney Sayaovong has not filed an appeal from the referee's report.

¶22 We agree with the referee that Attorney Sayaovong should be declared in default. Although the OLR effected service of its complaint pursuant to SCR 22.13(1) and although Attorney Sayaovong was given notice of the hearing on the motion for default judgment, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default.

¶23 A referee's findings of fact are affirmed unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the

9

referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶24 We agree with the referee that the allegations in the OLR's complaint have been established and that Attorney Sayaovong engaged in the seven counts of misconduct alleged in the complaint. We further agree that a public reprimand is an appropriate sanction for Attorney Sayaovong's misconduct, and we agree that he should pay the full costs of the proceeding. Finally, we agree that Attorney Sayaovong should be ordered to make restitution of $2,000 to Y.Y.'s heirs and should be ordered to make restitution of $2,000 to L.Y.

¶25 IT IS ORDERED that Amoun Vang Sayaovong is publicly reprimanded.

¶26 IT IS FURTHER ORDERED that within 60 days of the date of this order, Amoun Vang Sayaovong shall make restitution of $2,000 to Y.Y.'s heirs and shall make restitution of $2,000 to L.Y.

¶27 IT IS FURTHER ORDERED that within 60 days of the date of this order, Amoun Vang Sayaovong shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $371.80.

¶28 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶29 IT IS FURTHER ORDERED that the license of Amoun Vang Sayaovong to practice law in Wisconsin shall remain temporarily suspended pursuant to this court's February 19, 2014 order.

10