# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2015AP680-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Amoun Vang Sayaovong, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Amoun Vang Sayaovong,<br>   Respondent. |

DISCIPLINARY HEARINGS AGAINST SAYAOVONG

| | |
|---|---|
| OPINION FILED: | November 18, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

**2015 WI 100**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP680-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Amoun Vang Sayaovong, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

    v.

Amoun Vang Sayaovong,

      Respondent.

**FILED**

**NOV 18, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. On August 3, 2015, Referee James R. Erickson issued a report recommending that Attorney Amoun Vang Sayaovong be declared in default and that his license to practice law in Wisconsin be suspended for a period of six months.

¶2 We declare Attorney Sayaovong to be in default. We further agree with the referee that Attorney Sayaovong's professional misconduct warrants a six-month suspension of his

license to practice law in Wisconsin. In addition, we follow our usual practice and order Attorney Sayaovong to pay the full costs of the proceeding, which are $852.43 as of August 20, 2015.

¶3 Attorney Sayaovong was admitted to practice law in Wisconsin in 2007. The address he has on file with the State Bar of Wisconsin is in Saint Paul, Minnesota. However, there is no such address in Saint Paul. Attorney Sayaovong has also listed a Milwaukee address in previous correspondence.

¶4 In 2014, Attorney Sayaovong was publicly reprimanded for misconduct in two separate client matters consisting of failing to advance a client's interests, failing to have a written fee agreement setting forth the rate for his fee, failing to hold an advanced fee in trust, failing on termination of representation to timely provide an itemized statement as to legal services rendered, and failing to cooperate with the Office of Lawyer Regulation's (OLR) investigation. In re Disciplinary Proceedings Against Sayaovong, 2014 WI 94, 357 Wis. 2d 312, 850 N.W.2d 940. On February 19, 2014, Attorney Sayaovong's license to practice law in Wisconsin was temporarily suspended for his willful failure to cooperate in the OLR investigation concerning his conduct that underlies the present proceeding. In addition, Attorney Sayaovong's Wisconsin law license is administratively suspended for failure to pay mandatory bar dues and failure to comply with continuing legal education requirements.

2

¶5 On April 6, 2015, the OLR filed a complaint against Attorney Sayaovong alleging six counts of misconduct.

¶6 The OLR's complaint alleged four counts of misconduct with respect to Attorney Sayaovong's representation of P.S. and C.S., who Attorney Sayaovong represented in an accident case against J.N. in 2009. In November 2010, a judgment of $6,500 was entered against J.N. The judgment included $500 in statutory attorney's fees. In April 2011, Attorney Sayaovong started garnishment proceedings in the case. In June 2011, Attorney Sayaovong collected the $500 in statutory attorney's fees from J.N. through garnishing his wages.

¶7 Beginning in early July 2011, J.N.'s employer sent Attorney Sayaovong garnishment checks every two weeks. Attorney Sayaovong did not notify his clients upon his receipt of the garnished funds, but he issued checks to them periodically. Attorney Sayaovong did not deposit a garnishment check issued January 27, 2012, and did not send a corresponding check to his clients. Although the clients later questioned Attorney Sayaovong about the missing payment, he never forwarded funds from that garnishment to them. In May 2012, the clients stopped receiving regular payments from Attorney Sayaovong.

¶8 By mid-July 2012, J.N. was no longer employed, but he agreed to make payments to Attorney Sayaovong. Attorney Sayaovong did not communicate this information to his clients until over a month after he made the agreement with J.N. In September 2012, Attorney Sayaovong sent the clients a check for

3

payments he had received from May through August 2012. The clients received no further payments from Attorney Sayaovong.

¶9 In September 2012, Attorney Sayaovong told the clients that he was negotiating with J.N. to have him pay the clients directly. The clients never received any payments from J.N.

¶10 Attorney Sayaovong was frequently unresponsive to the clients' emails and telephone calls. When Attorney Sayaovong did respond to the clients, he wrote that he was still waiting for J.N. to provide him with financial information. Although the clients asked Attorney Sayaovong for an accounting of the funds he had received for them concerning J.N., Attorney Sayaovong never provided an accounting.

¶11 The clients filed a grievance with the OLR in May 2013. The OLR wrote to Attorney Sayaovong at several addresses via regular and certified mail, requesting certain information and a response to the grievance. The certified and regular mail letters were returned. Attorney Sayaovong never responded. In October 2013, the OLR made multiple attempts to have Attorney Sayaovong personally served. All attempts were unsuccessful. On November 5, 2013, the OLR emailed Attorney Sayaovong at his last known email address, notifying him of the clients' grievance and requesting a response. Attorney Sayaovong did not respond.

¶12 In December 2013, based on an OLR motion, this court ordered Attorney Sayaovong to show cause why his license should not be suspended for failure to cooperate with the OLR's investigation of the clients' grievance. Attorney Sayaovong did

4

not respond, and on February 19, 2014, this court temporarily suspended Attorney Sayaovong's license.

¶13 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Sayaovong's representation of P.S. and C.S.:

> [Count One] By failing to timely pursue collection actions against [J.N.], Sayaovong violated [Supreme Court Rule (SCR)] 20:1.3.[1]
>
> [Count Two] In failing to consistently keep the [clients] informed of collection efforts, and failing to return numerous phone calls or respond to various emails received from the [clients], Sayaovong violated SCR 20:1.4(a)(3) and (4).[2]
>
> [Count Three] By failing to consistently and promptly notify the [clients] of his receipt of funds received for their benefit, or provide them with an itemized accounting as to amounts that were collected, despite having received numerous requests from his clients that he do so, Sayaovong violated SCR 20:1.15(d)(1) and (d)(2).[3]

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(3) and (4) provide, respectively, that a lawyer shall "keep the client reasonably informed about the status of the matter" and shall "promptly comply with reasonable requests by the client for information."

[3] SCR 20:1.15(d)(1) and (2) provide:

> (1) Notice and disbursement. Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any

(continued)

5

[Count Four]  In failing to provide to OLR a required written response to the [clients'] grievance, Sayaovong violated SCR 22.03(2)[4] and SCR 22.03(6),[5] enforced via SCR 20:8.4(h).[6]

¶14  The OLR's complaint also alleged two additional counts of misconduct arising out of Attorney Sayaovong's representation

---

funds or other property that the client or 3rd party is entitled to receive.

(2) Accounting. Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property.

[4] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

6

of D&D Auto Services LLC (D&D). On September 20, 2013, Attorney Yeng Kong Lee filed a small claims complaint for his client, C.L., against D&D. On October 31, 2013, Attorney Sayaovong's Wisconsin law license was administratively suspended for failure to pay mandatory bar dues. In December 2013, Attorney Sayaovong contacted Attorney Lee on behalf of D&D. In January 2014, Attorney Sayaovong sent Attorney Lee a draft stipulation to settle the small claims lawsuit. After Attorney Lee received the stipulation, he discovered that Attorney Sayaovong's Wisconsin law license was suspended and he filed a grievance with the OLR against Attorney Sayaovong.

¶15 The OLR wrote to Attorney Sayaovong at various addresses via regular and certified mail, requesting a response to Attorney Lee's grievance. The certified letters were returned, except for one sent to a group office, for which an unrelated person signed. Two of the regular mail letters were also returned. Attorney Sayaovong did not respond.

¶16 The OLR's complaint set forth the following counts of misconduct with respect to Attorney Sayaovong's dealings with Attorney Lee:

> [Count Five] By preparing and sending a proposed stipulation to opposing counsel while his license to practice law in Wisconsin was suspended due to failure to pay mandatory bar dues, Sayaovong violated SCR 10.03(6)[7] and SCR 22.26(2),[8] enforced via SCR 20:8.4(f).[9]

---

[7] SCR 10.03(6) provides:

(continued)

7

[Count Six]  By failing to provide a written response to OLR in the matter of Attorney Lee's grievance, Sayaovong failed to cooperate with OLR's investigation, Sayaovong violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶17 On June 8, 2015, the OLR filed a motion for default judgment asking the referee to determine that the OLR had properly served Attorney Sayaovong by certified mail under SCR 22.13(1).  The motion further sought a determination that Attorney Sayaovong was in default by failing to timely file an answer to the complaint, and the motion sought an order for default judgment and issuance of a report making findings of fact and conclusions of law consistent with the allegations in the complaint.

---

If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

[8] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[9] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

8

¶18 The referee issued his decision on August 3, 2015, recommending that this court grant the OLR's motion for default judgment. The referee deemed the allegations of the OLR's complaint established. The referee recommended that Attorney Sayaovong's Wisconsin law license be suspended for six months. Attorney Sayaovong has not filed an appeal from the referee's report.

¶19 We agree with the referee that Attorney Sayaovong should be declared in default. Although the OLR effected service of its complaint pursuant to SCR 22.13(1) and although Attorney Sayaovong was given notice of the hearing on the motion for default judgment, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default.

¶20 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶21 We agree with the referee that the allegations in the OLR's complaint have been established and that Attorney Sayaovong engaged in the six counts of misconduct alleged in the complaint. We further agree that a six-month suspension of his license to practice law in Wisconsin is an appropriate sanction for his misconduct. Although no two disciplinary matters are precisely the same, a six-month suspension is generally

consistent with the sanction imposed in somewhat similar cases. See, e.g., In re Disciplinary Proceedings Against Woods, 2011 WI 46, 334 Wis. 2d 324, 800 N.W.2d 875; In re Disciplinary Proceedings Against Mauch, 2010 WI 2, 322 Wis. 2d 79, 777 N.W.2d 637. As is our usual practice, we deem it appropriate to order Attorney Sayaovong to pay the full costs of the proceeding.

¶22 IT IS ORDERED that the license of Amoun Vang Sayaovong to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶23 IT IS FURTHER ORDERED that within 60 days of the date of this order, Amoun Vang Sayaovong shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $852.43.

¶24 IT IS FURTHER ORDERED that, to the extent he has not already done so, Amoun Vang Sayaovong shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶25 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶26 IT IS FURTHER ORDERED that the temporary suspension of Amoun Vang Sayaovong's license to practice law issued on February 19, 2014, is hereby lifted.

¶27 IT IS FURTHER ORDERED that the administrative suspension of Amoun Vang Sayaovong's license to practice law due

to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements remains in effect.