PER CURIAM.
¶ 1. This is a reciprocal discipline *677 matter. The Office of Lawyer Regulation (OLR) filed a complaint against Attorney Jeffrey John Aleman, seeking the imposition of discipline reciprocal to that imposed by the Illinois Supreme Court. On May 14, 2015, the Illinois Supreme Court suspended Attorney Aleman's Illinois law license for two years, effective June 4, 2015, based on two counts of misconduct. The Illinois court also ordered Attorney Aleman to reimburse the Illinois Client Protection Program Trust Fund for any payments due to conduct prior to the end of his suspension.
¶ 2. Attorney Aleman was admitted to practice law in Wisconsin in 1996. He was admitted to practice law in Illinois in 1997. His Wisconsin law license was administratively suspended on June 2, 2015, for failure to comply with continuing legal education requirements.
¶ 3. On August 12, 2015, Attorney Aleman and the OLR entered into a stipulation whereby Attorney Aleman agrees it would be appropriate for this court to impose the level of discipline sought by the OLR director, namely, a two-year suspension of Attorney Aleman's license to practice law in Wisconsin. The stipulation notes that Attorney Aleman's misconduct in Illinois stemmed from co-founding and working with a national debt settlement firm, Legal Helpers Debt Resolution. The Illinois Supreme Court found that Attorney Aleman violated the Illinois Rules of Professional Conduct (IRPC) by:
(a) failing to consult with clients about the means by which the representations' objectives were to be pursued and accomplished, in violation of Rule 1.2(a) of the 1990 IRPC and Rule 1.4(a)(2) of the 2010 IRPC;
*678 (b) failing to explain matters to the extent reasonably necessary for clients to make informed decisions about the representation, in violation of [Rule] 1.4(b) of the IRPC;
(c) failing to supervise and make reasonable efforts to ensure the conduct of non-lawyers employed by or associated with the debt settlement firm were compatible with his professional obligations, in violation of Rule 5.3(a) of the IRPC; and
(d) assisting a person in the unauthorized practice of law, in violation of Rule 5.5(a) of the IRPC.
¶ 4. Supreme Court Rule (SCR) 22.22(3) states as follows:
The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:
(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.
(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.
(c) The misconduct justifies substantially different discipline in this state.
¶ 5. Attorney Aleman does not claim that any of the defenses found in SCR 22.22(3)(a)-(c) apply. Attorney Aleman further states that his entry into the stipulation did not result from plea bargaining. He represents that he fully understands the misconduct allegations; he fully understands the ramifications should the court impose the stipulated level of discipline; he fully understands his right to contest this *679 matter; he fully understands his right to consult with counsel; and his entry into the stipulation is made knowingly and voluntarily and represents his decision not to contest the misconduct alleged in the OLR's complaint or the level and type of discipline sought by the OLR director.
¶ 6. After fully reviewing the matter, we accept the parties' stipulation. We agree that it is appropriate to impose discipline identical to that imposed by the Illinois Supreme Court, i.e., a two-year suspension of Attorney Aleman's license to practice law in Wisconsin. Since this matter was resolved by means of a stipulation, the OLR has not sought the imposition of costs and we do not assess any costs.
¶ 7. IT IS ORDERED that the license of Jeffrey John Aleman to practice law in Wisconsin is suspended for two years, effective the date of this order.
¶ 8. IT IS FURTHER ORDERED that, to the extent he has not already done so, Jeffrey John Aleman shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.
¶ 9. IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).
¶ 10. REBECCA G. BRADLEY, J., did not participate.